No. 29,288.

LUELLA SKINNER, *Appellee,* v. CYRUS H. MOORE, *Appellant.*

(292 Pac. 747.)

Opinion filed November 8, 1930.

*A. E. Crane, B. F. Messick* and *A. Harry Crane,* all of Topeka, for the appellant.

*E. R. Sloan,* of Holton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one by the plaintiff to recover the balance claimed to be due to her from the defendant on the purchase price of land sold by the plaintiff to the defendant. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The contract for the sale of the land was contained in letters exchanged between the plaintiff and the defendant. There was a first mortgage of $2,500 and a second or commission mortgage of $125 on the land. The plaintiff agreed to accept $2,500 for the land, which the defendant agreed to pay. The plaintiff lived in Texas and the defendant in Jackson county, Kansas. The land was situated in that county. The evidence disclosed that the first mortgage of $2,500 was held by the Prudential Insurance Company and had been negotiated by the Davis-Wellcome Mortgage Company. The latter company held the second or commission mortgage of $125. The evidence further disclosed that the defendant went to the Davis-Wellcome Mortgage Company and there had a deed pre-

pared conveying the land from the plaintiff to the defendant. That deed contained the following language:

"Except a mortgage of $2,500, dated October 25, 1928, in favor of Prudential Insurance Company of America, and a mortgage of $125, dated October 25, 1928, in favor of the Davis-Wellcome Mortgage Company, which the grantee assumes and agrees to pay."

The deed was transmitted by the defendant to the plaintiff with a letter which contained the following:

"Well, here is the deed; was to Topeka yesterday and Mr. Thos. B. Frost had it written out for me. . . . The date you and Jim sign it at bottom of deed should be inserted; on back of deed have the notary, which you and Jim must sign. . . . Return deed to me and I will send you check of $2,500."

When the deed was returned to the defendant he sent a cashier's check for $2,367.70 to the plaintiff with a letter containing the following:

"The abstract shows a second mortgage of $125, which I will have to pay, also $7.30 balance tax which was assessed against the buildings. I had to pay this to get the tax receipt. Consequently the draft I send you is for $2,367.70."

The defendant argues that—

"When a person purchases real estate from another and there is found to be a mortgage on the property not provided for in the contract the purchaser has the right to take from the purchase money a sufficient sum to pay it off."

The difficulty with this argument is that when the defendant procured the preparation of the deed he knew that there was a second mortgage of $125 on the land, which mortgage he assumed and agreed to pay, and then knew that there were $7.30 taxes due on the land, but notwithstanding that knowledge he wrote the plaintiff he would transmit $2,500 on receipt of the deed. That places him outside the rule contended for by defendant and compels an affirmance of the judgment.

It is so ordered.